UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re

    CHARLES R. LIVECCHI,                      Case No: 09-20897

                        Debtor.                  Chapter 7

---

## MEMORANDUM DECISION AND ORDER

Before the Court is the Chapter 7 Trustee's motion to quash a subpoena issued by the Clerk of Court at the request of the Debtor (ECF No. 1544). Also before the Court is the Debtor's response to the Trustee's motion (ECF No. 1548). The subpoena demands that the Trustee produce a copy of checks for all payments made to creditors, which were to be produced at the Debtor's home on November 10, 2014, twelve days following issuance of the subpoena (ECF Nos. 1542 & 1543). The Trustee contends that the subpoena was not served on him as of November 7, 2014, the date on which the Trustee filed the motion to quash[1] (ECF No. 1544 at ¶ 5). The Debtor in his response acknowledges that the subpoena was not served because he

---

[1] The Trustee alleges several generalized grounds in support of the motion to quash, which need not be addressed by the Court at this time (ECF No. 1544 at ¶ 7). However, the Court would note that a person seeking a protective order under Rule 45(d)(1) FRCP or an order quashing a subpoena under Rule 45(d)(3) FRCP bears the burden of making the necessary showing—which varies depending on the grounds for the motion to quash or modify the subpoena. *See Mannington Mills, Inc. v. Armstrong World Indus.*, 206 F.R.D. 525, 529 (D. Del. 2002); 9 Moore's Federal Practice § 45.20[2] (Matthew Bender 3d. Ed.). The decision to quash or modify a subpoena is within the Court's discretion, with modification generally being the preferred remedy. 9 Moore's Federal Practice § 45.05[5] (Matthew Bender 3d. Ed.).

planned to "amend the date that the information was to be produced," and asks the Court to dismiss the Trustee's motion as premature (ECF No. 1548 at 2).

A necessary element to a motion seeking to quash a subpoena is service of the subpoena upon the subject. *Hope's Windows, Inc. v. First Page Assocs., Inc.*, No. 04CV8A, 2005 U.S. Dist. LEXIS 41211 (W.D.N.Y. Nov. 1, 2005). Serving a subpoena requires, at a minimum, delivering a copy to the named person. Rule 45(b)(1) FRCP; Rule 9016 FRBP.

The Court need not reach the merits of the Trustee's motion to quash the subpoena because the subpoena was not served on the Trustee. There is nothing for this Court to quash. *See Hope's Windows,* 2005 U.S. Dist. LEXIS 41211, at *1 (Court observed that a decision regarding the merits of the yet-to-be served process would constitute an advisory opinion).

The Trustee's motion to quash is premature, and accordingly, is **DENIED**.

IT IS SO ORDERED.


Dated: November 20, 2014 _____/s/_____
      Rochester, New York       HON. PAUL R. WARREN
                                            UNITED STATES BANKRUPTCY JUDGE