UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re

    CHARLES R. LIVECCHI,                     Case No: 09-20897

                  Debtor.                            Chapter 7

**DECISION AND ORDER
DENYING DEBTOR'S MOTION TO DISMISS OR
WITHDRAW FROM BANKRUPTCY**

PAUL R. WARREN, United States Bankruptcy Judge

      The Debtor, Charles R. Livecchi, Sr. ("Debtor"), has moved to voluntarily dismiss or withdraw his Chapter 7 proceeding—which was previously converted from Chapter 11 to Chapter 7 on motion of the United States Trustee (ECF Nos. 1536 & 1538). The Debtor contends that he should be permitted to voluntarily dismiss or withdraw his bankruptcy case because "it is his feeling that in doing so, the creditors will benefit more than if this case remains active" (ECF No. 1538 at 2). The Debtor cites generally to 11 U.S.C. § 707 and Rule 41 FRCP in support of his motion, without pointing to any specific portion of 11 U.S.C. § 707 as the basis for the motion. However, at oral argument on the motion, the Debtor indicated that he was moving under both 11 U.S.C. § 707(a) and § 707(b). The Debtor does not indicate how creditors will benefit from dismissal and suggests no mechanism to address outstanding unpaid creditor claims. At oral argument, the Debtor indicated that he would attempt to negotiate with his creditors to settle their claims. The Debtor

conceded that he was not offering to make payment to creditors outside of bankruptcy and that he lacked the present ability to make payment to creditors.

The Chapter 7 Trustee filed an objection to the motion to dismiss (ECF No. 1546). The Trustee argues that the Court previously considered and denied motions seeking voluntary dismissal by the Debtor under § 707, and that Rule 41 FRCP is only applicable in adversary proceedings (ECF No. 1546 at ¶ 6). The Trustee requests that the Court deny the motion. Included in the Trustee's opposition is a request that the Court impose sanctions against the Debtor pursuant to Rule 9011 FRBP and Rule 11 FRCP (ECF No. 1546 at ¶¶ 7-8).

The Debtor's several prior motions sought voluntary dismissal of his Chapter 7 bankruptcy under 11 U.S.C. § 707(b) (ECF Nos. 187, 297, 307). In denying the Debtor's earlier motions, the Court specifically found that the debts scheduled by the Debtor were primarily business debts—*not* consumer debts—making dismissal under 11 U.S.C. § 707(b) statutorily unavailable to the Debtor (ECF Nos. 208, 343, & 357, Ninfo, BJ).[1] The Debtor is precluded from relitigating the prior rulings of this Court, denying the Debtor dismissal under § 707(b) of the Bankruptcy Code, by the doctrine of res judicata.[2] *Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *see also In re Ober*, 390 B.R. 60, 62 (Bankr. W.D.N.Y.

---

[1] The Court would note that its October 18, 2010 Order denying dismissal under 11 U.S.C. § 707(b) was "without prejudice to the Debtor, or any other appropriate party bringing a motion to dismiss on other grounds" (ECF No. 208, Ninfo, BJ).

[2] The Debtor also previously brought a motion to dismiss—similar to this one—following conversion from Chapter 11, arguing that remaining in a Chapter 7 is not in the best interests of the estate or creditors (ECF No. 200). The motion provided no specific statutory grounds to support the request for dismissal of the case. The Court denied the motion (ECF No. 246, Ninfo, BJ).

2

2008). To the extent that the Debtor's present motion could be viewed as seeking dismissal under 11 U.S.C. § 707(b), the motion is **DENIED** because the Court has already ruled that the Debtor cannot obtain dismissal under 11 U.S.C. § 707(b), as a matter of law.

The only remaining avenue available to the Debtor to seek voluntary dismissal of this case, not clearly barred by the doctrine of res judicata, is dismissal for "cause" under 11 U.S.C. § 707(a). Consequently, the Court treats the Debtor's motion as seeking dismissal for "cause" under 11 U.S.C. § 707(a).

The Court may dismiss a case, pursuant to 11 U.S.C. § 707(a), after notice and a hearing, only for "cause." Although the Bankruptcy Code does not define "cause," § 707(a) provides illustrative examples, such as "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 707(a)(1). In cases where, as here, a debtor moves for voluntary dismissal of a Chapter 7 case, the Second Circuit has instructed that the appropriate analysis to determine "cause" is to consider "'whether dismissal would be in the best interest of all parties in interest.'" *Smith v. Geltzer*, 507 F.3d 64, 72 (2d Cir. 2007) (quoting *Dinova v. Harris*, 212 B.R. 437, 442 (B.A.P. 2d Cir. 1997)); *see also* 6 Collier on Bankruptcy ¶ 707.03[3] (16th ed. rev.). "The best interest of the debtor 'lies generally in securing an effective fresh start upon discharge[3] and in the reduction of administrative expenses leaving him with resources to work out his debts.'" *Smith*, 507 F.3d at 72 (quoting *Dinova v. Harris*, 212 B.R. 437, 441 (B.A.P. 2d Cir. 1997)). As for the best interest of creditors, the court's analysis turns on prejudice. *Id.* "[I]f the motion to dismiss is brought after the passage of a considerable amount of time," creditors may be prejudiced because "they have been

---

[3] This Court previously entered an Order denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a) (*see Gordon v. Livecchi*, No. 10-2067, at ECF AP No. 12; ECF BK No. 447, Ninfo, BJ).

3

forestalled from collecting the amounts owed to them." *Id.*; *see In re Klein*, 39 B.R. 530, 531-33 (Bankr. E.D.N.Y. 1984) (denying the debtor's motion seeking to dismiss Chapter 7 case two years after the case was filed and after "substantial expenditure of judicial resources and . . . substantial delay in the processing of creditors' claims"). The determination of "cause" lies within the "sound discretion of the bankruptcy court." *In re Hull*, 339 B.R. 304, 307 (Bankr. E.D.N.Y. 2006).

A Chapter 7 bankruptcy case should not be dismissed merely for the convenience of or at the request of the debtor. *See Klein*, 39 B.R. at 531-33; 9 Collier on Bankruptcy ¶ 1017.02[1] (16th ed. rev.). Further, the fact that there is only one significant creditor—or that the debtor is ineligible for a discharge—is not cause for dismissal. 6 Collier on Bankruptcy ¶ 707.03[2] (16th ed. rev.). The court must consider other purposes that may be served by a bankruptcy besides a discharge, such as protecting exempt property, recovering assets for creditors, and administering assets. *Id.*

In *Smith*, the Second Circuit held that an additional factor for the court's determination of "cause" for the debtor's voluntary dismissal under § 707(a) is the debtor's ability to repay creditors outside of bankruptcy. *Smith*, 507 F.3d at 73. There, the debtor moved to voluntarily dismiss her Chapter 7 bankruptcy case under § 707(a) and proposed an arrangement by which all of her creditors would be paid in full, including interest, immediately. *Id.* at 69, 74. As a result, the Second Circuit found that dismissal would clearly have benefited the creditors. *Id.* at 74. The debtor's main objective in dismissing the case was to pursue a personal injury action with counsel of her choice—who had been barred by the bankruptcy court from representing the debtor for failing to comply with the bankruptcy court's orders. *Id.* at 69-70. The bankruptcy court denied the debtor's dismissal motion, finding that it was not in the debtor's best interest to be represented by the personal injury attorneys, the trustee's fees remained in dispute, and creditors had no certainty

4

that they would be paid by the debtor. *Id.* at 70. The Second Circuit reversed the bankruptcy court's denial on appeal and found that dismissal of the case under the terms of the debtor's proposed arrangement to pay creditors would have benefited creditors and the debtor. *Id.* at 74. The creditors would be paid in full without having to wait for the completion of the debtor's personal injury action, and the debtor would be able to pay her debts and receive a fresh start unaffected by the success of her personal injury action. *Id.* at 74-75. The Second Circuit additionally noted that on remand, the bankruptcy court should consider evidence of whether the debtor's administrative expenses would be reduced by dismissal as a factor weighing in favor of the best interest of the debtor. *Id.* at 75.

Based on the record before the Court, weighing the respective interests of the Debtor and creditors, and guided by equitable considerations, the Court finds that the Debtor's motion to voluntarily dismiss the Chapter 7 bankruptcy case fails to demonstrate "cause" to dismiss as required by 11 U.S.C. § 707(a). The Debtor's motion comes four years after the case was filed, and after substantial expenditure of judicial resources, liquidation of significant assets, interim distributions to creditors by the Trustee, and the continuing prosecution of a related adversary proceeding against the Debtor's wife. *See Klein*, 39 B.R. at 531-33. As of the Trustee's January 15, 2014 Second Interim Distribution Report, the Trustee made disbursements to creditors in the amount of $516,379.68, with approximately $8,000.00 remaining in the Trustee's Estate account to be distributed, together with the value of any other recoveries by the Trustee on behalf of the Estate

5

(ECF No. 1473).[4] However, there remain significant balances—in excess of $900,000—owed to creditors in this case after the interim distributions (*Id.*).

Unlike the debtor's motion for voluntary dismissal in *Smith*, the Debtor's motion to dismiss in this case provides no proposal by which creditors will be paid outside of bankruptcy. Certainly, administrative costs would be reduced to the Debtor. However, because the Debtor is not proposing any method by which remaining creditor claims would be paid, it appears that administrative costs—or costs of collection—would be shifted to each creditor. It is well-settled that the best interest of the debtor must be weighed against the prejudice to creditors, and the passage of considerable time before a debtor's motion to dismiss can be prejudicial. *Smith*, 507 F.3d at 72-73. The Debtor's tactics during the course of this bankruptcy case—including, for example, his continuing refusal to comply with the Court's order to turn over four non-exempt vehicles as property of the Estate, which resulted in the imposition of an order of contempt and presently accruing civil penalties for continued contempt—does not suggest to the Court that creditors will fare better in obtaining payment if the Debtor is granted dismissal (ECF No. 1439). By remaining in Chapter 7 bankruptcy, on the other hand, creditors have received and will receive orderly distributions from the Estate through the Trustee, with judicial oversight.

Given the overarching purpose of Chapter 7 to ensure the orderly liquidation of the debtor's estate and equal treatment of creditors within each class, the Court finds that the best interest of creditors will be harmed by dismissal at this point in the case. *See* 6 Collier on Bankruptcy ¶ 700.01 (16th ed. rev.). The Debtor's failure to explain how he intends to pay his creditors, including the

---

[4] According to the report, payments made under an interim disbursement equaled $359,304.86, and other payments to creditors equaled $157,074.82, for a total of $516,379.68 in disbursements to creditors.

United States Government with an unpaid claim in excess of $800,000, makes dismissal for cause under 11 U.S.C. § 707(a) inappropriate because of the likely prejudice to creditors that would result. While the Court is mindful of continually mounting administrative costs, the harm to creditors in dismissing this case after more than five years of litigation and liquidation efforts far outweighs the benefit to the Debtor. Unlike the debtor in *Smith*, the Debtor makes no proposed arrangement by which his creditors would be paid promptly in an amount at least equal to the value of the remaining Estate assets being recovered and liquidated for the benefit of creditors. In fact, the Debtor admitted at oral argument that he lacked the ability to make immediate payment to his creditors and that his intention was to seek to negotiate settlements with his creditors. Accordingly, the Debtor's motion to dismiss for cause, pursuant to 11 U.S.C. § 707(a), is **DENIED**.

The Debtor's motion also cites Rule 41 FRCP as an alternative basis to obtain voluntary dismissal. However, Rule 41 FRCP, incorporated by Rule 7041 FRBP, applies in adversary proceedings. *See* Rule 7041 FRBP; 10 Collier on Bankruptcy ¶ 7041.01 (16th edition rev.). The Debtor seeks to obtain voluntary dismissal of the underlying bankruptcy case, necessarily implicating 11 U.S.C. § 707 and Rule 1017 FRBP. Rule 41 FRCP and Rule 7041 FRBP have no application to the Debtor's motion. Accordingly, the Debtor's motion to dismiss, to the extent made pursuant to Rule 41 FRCP and Rule 7041 FRBP, is **DENIED**.

The Trustee's request for the imposition of sanctions under Rule 9011 FRBP can be disposed of quickly. The Trustee did not file a separate motion for Rule 11 sanctions, nor did he serve the motion on the Debtor twenty-one days prior to filing his motion with the court—as required under Rule 11(c)(1)(A) FRCP and Rule 9011(c)(1)(A) FRBP. *See Hope's Windows, Inc. v. First Page Assocs., Inc.*, No. 04CV8A, 2005 U.S. Dist. LEXIS 41211, at *1 (W.D.N.Y. Nov. 1,

7

2005). Because the Trustee did not comply with the procedures set forth in Rule 9011(c)(1)(A) for commencing a Rule 11 motion for sanctions, the Trustee's request for the imposition for sanctions is **DENIED**.

## CONCLUSION

For the reasons set forth above, and after carefully considering the submissions and arguments of the parties:

1) The Debtor's motion to voluntarily dismiss or withdraw his Chapter 7 bankruptcy case, to the extent made pursuant to 11 U.S.C. § 707(b), is barred by the doctrine of res judicata—having previously been denied on the merits by this Court—and is **DENIED**.

2) The Debtor's motion to voluntarily dismiss or withdraw his Chapter 7 bankruptcy case for "cause," under 11 U.S.C. § 707(a), is **DENIED**.

3) The Trustee's request for the imposition of sanctions under Rule 9011 FRBP is **DENIED**.

   IT IS SO ORDERED.

Dated: November 20, 2014                        _____/s/_____
     Rochester, New York                      HON. PAUL R. WARREN
                                          UNITED STATES BANKRUPTCY JUDGE