FILED MAY -7 2015 BANKRUPTCY COURT ROCHESTER, NY

In re:

CHARLES R. LIVECCHI, SR.,

      Debtor.

Bankruptcy Case No. 09-20897-PRW
Chapter 7

## ORDER APPROVING THE TRUSTEE'S FINAL REPORT
## AND FINAL APPLICATIONS FOR COMPENSATION
## AND DIRECTING THAT ASSETS BE EXCEPTED FROM ABANDONMENT

**WHEREAS**, the Chapter 7 Trustee, Kenneth Gordon ("Trustee"), filed a Third Final Report and Applications for Compensation, which included Interim Applications for Compensation ("Report and Interim Applications") (ECF No. 1566); and

**WHEREAS**, the Debtor filed an objection to the Trustee's Report and Interim Applications, arguing that (1) the Report and Interim Applications contained inaccuracies; (2) $90,000 in settlement funds received in a related adversary proceeding against the Debtor's wife ("Mrs. Livecchi") should be returned ("fraudulent transfer AP") (*Gordon v. Livecchi*, Case No. 11-02027-PRW); (3) the Trustee slandered Mrs. Livecchi in the fraudulent transfer AP; (4) the Trustee failed to notify creditors of a § 363(h) sale of the Debtor's property in Texas; (5) the fees that the Trustee charged in the fraudulent transfer AP are inappropriate because the action was frivolous; (6) Mrs. Livecchi was entitled to fifty percent of the proceeds of the sale of the Debtor's property in Texas; (7) the civil contempt penalty of $1,980 sought by the Trustee is improper because there is no final order in the matter; (8) the Debtor has not been allowed his exemptions; (9) the vehicles sought to be liquidated by the Trustee are not worth what the Trustee claims; (10) the Trustee has not given creditors proper notice of the actions he has taken in the case; and (11) the Court and the United States Trustee have not prevented the Trustee from "pilfering" funds of the estate (ECF No. 1571); and

1

**WHEREAS**, the Trustee submitted a response to the Debtor's objection, verifying the basis for the Trustee's proposed distributions under the Report and Interim Applications (ECF No. 1573); and

**WHEREAS**, a hearing was held on the Trustee's Report and Interim Applications on May 7, 2015, at which the Trustee represented to the Court that the only remaining assets of the estate are a 2005 Silverado Pickup, a 2003 Chevrolet Suburban, a 2006 Harley Davidson V-Rod, and a 2005 Chevrolet Malibu (collectively, "Vehicles") (*see* ECF No. 322), as well as civil penalties of one hundred dollars per day accruing from the Debtor's non-compliance with the Court's Civil Contempt Order of October 18, 2013 and Turnover Order of February 28, 2011 (ECF Nos. 1439, 398, 436); and

**WHEREAS**, the Debtor has not complied with the Court's Turnover Order to date by turning over the Vehicles; and

**WHEREAS**, at the May 7, 2015 hearing, the Trustee requested that the Report and Interim Applications be considered the Trustee's Final Report and Final Applications for Compensation in the bankruptcy case—as a means of preventing further diminution of the estate by accruing administrative fees and the Debtor indicated that he neither opposed nor supported the Trustee's request; and

**WHEREAS**, the Trustee additionally requested at the May 7, 2015 hearing that the remaining assets of the estate—the Vehicles—be excepted from abandonment so that the Vehicles remain property of the estate, under 11 U.S.C. § 554(d); and further, that the Trustee's ability to reduce the Debtor's civil penalties to a money judgment be excepted from abandonment; it is hereby

**ORDERED**, that the Debtor's objections are hereby **OVERRULED** under the doctrine of *res judicata* and collateral estoppel, and not supported by the record; and it is further

**ORDERED**, that the Trustee's Report and Interim Applications for Compensation are deemed the Trustee's Final Report and Final Applications for Compensation; and it is further

**ORDERED**, that the Trustee's Final Report and Final Application for Compensation (ECF No. 1566) is **GRANTED** in all respects; and it is further

**ORDERED**, that the civil penalties accruing from the Court's Civil Contempt Order shall stop accruing as of April 30, 2015; and it is further

**ORDERED**, that the Debtor's Vehicles identified in this order are excepted from abandonment, under 11 U.S.C. § 554(d), so that the Vehicles remain property of the estate; and it is further

**ORDERED**, that the Trustee's ability to reduce the Debtor's civil penalties to a money judgment is excepted from abandonment, under 11 U.S.C. § 554(d), so that the civil penalties shall remain property of the estate; and it is further ordered

**ORDERED**, that the Trustee proceed to promptly close this case.

IT IS SO ORDERED.

Dated: May 7, 2015
      Rochester, New York

HON. PAUL R. WARREN
UNITED STATES BANKRUPTCY JUDGE

3