UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES R. LIVECCHI, SR.,

                Appellant,

v.

KENNETH W. GORDON,

                Appellee.

**DECISION AND ORDER**

6:15-CV-6309 EAW

---

## I. INTRODUCTION

This is an appeal from a May 7, 2015 Order of the United States Bankruptcy Court for the Western District of New York, approving the final report and final applications for compensation of Appellee-Trustee ("Trustee") and directing that the Trustee close the case. (Dkt. 1-3). On appeal, Appellant-Debtor ("Debtor"), proceeding *pro se*, challenges the continued participation of the Honorable Paul R. Warren as Bankruptcy Judge and asks the Court to reverse the "original decision at the core of this appeal; as well as any orders signed by Hon. Warren from the time that the affidavit for his removal was filed on December 1, 2014." (Dkt. 7 at 8). Because Trustee filed the proper applications and the Bankruptcy Court carefully considered the applications as well as the arguments of both parties, the Court affirms the Order dated May 7, 2015.

## II. BACKGROUND

On April 8, 2009, Debtor filed a voluntary Chapter 11 petition with the Bankruptcy Court for the purpose of restructuring his finances. On January 21, 2010, Trustee filed a motion to convert the case to Chapter 7, alleging that Debtor was not

- 1 -

pursuing a realistic Chapter 11 plan. On September 21, 2010, the Bankruptcy Court granted Trustee's motion to convert the case to a Chapter 7 case pursuant to 11 U.S.C. § 1112.

In March 2012, the Bankruptcy Court approved Trustee's First Interim Distribution request. (Dkt. 6-4 at 4).

In January 2013, Trustee filed a Second Interim Distribution request with the Bankruptcy Court. The Bankruptcy Court awarded the interim application in an Order filed March 4, 2013. Debtor appealed the Order, but the appeal was dismissed by this Court for failure to perfect the appeal. *See Livecchi v. Gordon*, No. 13-CV-6236L, 2013 U.S. Dist. LEXIS 159724, at *3-4 (W.D.N.Y. Nov. 7, 2013).

In January 2014, Trustee filed a third request for interim compensation. The Bankruptcy Court awarded the interim application in an Order filed February 20, 2014. Debtor appealed the Order, but this Court affirmed the Bankruptcy Court Order on the grounds that Trustee had filed the proper documentation and interim payments were expressly permitted pursuant to 11 U.S.C. § 331. *See Livecchi v. Gordon*, No. 6:14-CV-6179 EAW, 2014 U.S. Dist. LEXIS 184972, at *10-13 (W.D.N.Y. July 16, 2014).

Trustee submitted his final report to the Bankruptcy Court on February 26, 2015. (Dkt. 6-2 at 1-2). On February 27, 2015, Trustee submitted his fourth interim application for fees. (Dkt. 6-4 at 1). The Bankruptcy Court held a hearing to address the final report and interim application for fees on May 7, 2015. (Dkt. 1-3 at 2). In writing and at the hearing, Debtor objected to the final report and interim application. (Dkt. 1-3 at 1; Dkt. 6-7).

On May 7, 2015, the Bankruptcy Court issued an "Order Approving the Trustee's Final Report and Final Applications for Compensation and Directing that Assets be Excepted from Abandonment." (Dkt. 1-3). The Bankruptcy Court, *inter alia*, overruled Debtor's objections and deemed the Trustee's report and interim applications to be the "Trustee's Final Report and Final Applications for Compensation" and granted it in all respects. (*Id.* at 1-3). The Bankruptcy Court further directed Trustee to close the case. (*Id.* at 3).

On May 20, 2015, Debtor filed his Notice of Appeal with this Court, challenging the May 7, 2015 Order. (Dkt. 1). Debtor filed his brief on June 25, 2015. (Dkt. 7). Trustee filed his brief on July 29, 2015. (Dkt. 10). No reply papers were filed, and accordingly the Court took this appeal under advisement.

## III. DISCUSSION

### A. Standard of Review

"District courts are vested with appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. § 158(a)." *In re Plumeri*, 434 B.R. 315, 327 (S.D.N.Y. 2010). "Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law *de novo*." *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 482-83 (2d Cir. 2012). Pursuant to Fed. R. Bankr. P. 8003, an appeal "from a judgment, order, or decree of a bankruptcy court to a district court" may be taken as of right by filing a timely notice of appeal with the bankruptcy clerk.

### B. Recusal of the Bankruptcy Judge

Although Debtor claims that he is appealing the May 7, 2015 Order, the bulk of his brief argues that Bankruptcy Judge Warren should have recused himself from the underlying bankruptcy case. Debtor claims that he filed an affidavit with the Bankruptcy Court on December 1, 2014, pursuant to 28 U.S.C. § 144, stating that Judge Warren was biased and prejudiced toward Debtor. (Dkt. 7 at 5-6). Debtor argues that Judge Warren was "disqualified" from the case when Debtor filed his affidavit, and that any decisions drafted by Judge Warren and filed after December 1, 2014, including the May 7, 2015 Order, should be reversed as a result. (*Id.* at 6-8).

Debtor has not filed an appeal of any recusal decision; rather, he has filed an appeal of the May 7, 2015 Order closing his bankruptcy case. As a result, the only issue properly before the Court at this juncture is the propriety of the Bankruptcy Court's May 7, 2015 Order approving Trustee's Final Report and Final Applications for Compensation. *See Livecchi v. Gordon*, 513 B.R. 209, 212 (W.D.N.Y. 2014); *Livecchi v. Gordon*, No. 11-CV-6178L, 2011 WL 6148627, at *1 (W.D.N.Y. Dec. 9, 2011). Nonetheless, for purposes of completeness, the Court will address Debtor's arguments concerning recusal.

The section of the United States Code relied upon by Debtor provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

-4-

28 U.S.C. § 144. Courts within this Circuit are divided on whether this provision applies to bankruptcy judges. *In re Livecchi*, No. 09-20897, 2014 WL 7013463, at *2 n.4 (Bankr. W.D.N.Y. Dec. 11, 2014). *Compare In re Olsen*, 358 B.R. 609, 623 n.12 (Bankr. S.D.N.Y. 2007) ("Mr. Olsen also sought my recusal pursuant to 28 U.S.C. § 144, which applies to the disqualification of District Court judges on the grounds of bias or prejudice. 28 U.S.C. § 144 does not apply to bankruptcy judges. . . ."); *In re Teligent, Inc.*, No. 01-12974SMB, 2005 WL 267956, at *2 n.7 (Bankr. S.D.N.Y. Feb. 3, 2005) ("Section 144 does not apply to bankruptcy judges.") *with In re Hudson*, 420 B.R. 73, 87 (Bankr. N.D.N.Y. 2009) (considering a section 144 affidavit for recusal in a bankruptcy case); *In re Chandler's Cove Inn, Ltd.*, 74 B.R. 772, 776 (Bankr. E.D.N.Y. 1987) (same).

The Court need not make a determination on this issue because even assuming, *arguendo*, that § 144 applies in this case, Debtor's assertion that the mere filing of his affidavit would require the recusal of Judge Warren from the case is inaccurate. *Williams v. N.Y.C. Housing Auth.*, 287 F. Supp. 2d 247, 248 (S.D.N.Y. 2003) ("Though the language of Section 144 appears to indicate otherwise, submitting an affidavit to the Court under this provision does not yield automatic recusal of the judge on the matter."). The decision to grant or deny a recusal motion is a matter left to the discretion of the court. *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987).

When reviewing an affidavit submitted pursuant to § 144, the judge must review the facts included in the affidavit for their legal sufficiency. *Rosen v. Sugarman*, 357 F.2d 794, 797 (2d Cir. 1966). "There is as much obligation upon a judge not to recuse

himself when there is no occasion as there is for him to do so when there is." *Id.* (quotation omitted). "To be sufficient an affidavit must show the objectionable inclination or disposition of the judge; it must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Id.* at 798 (quotation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) (quotation omitted). In other words, the basis for recusal under § 144 "looks to extrajudicial conduct . . . not conduct which arises in a judicial context." *Apple*, 829 F.2d at 333.

Of note, "at least one court has concluded that a pro se [petitioner] cannot bring an affidavit under 28 U.S.C. § 144." *Williams*, 287 F. Supp. 2d at 249 (citing *Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996)). This is because § 144 requires the affidavit to be accompanied by a certificate of counsel of record. *See* 28 U.S.C. § 144 (stating the affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith."). A *pro se* party, such as Debtor, cannot supply a certificate of counsel, and thus the theory is that a *pro se* party may not file a § 144 affidavit. *See Williams*, 287 F. Supp. 2d at 249 ("Williams's affidavit, which is submitted pro se and without a certificate of counsel of record, fails on this threshold matter.").

Here, even if Debtor could file a § 144 affidavit *pro se,* the December 1, 2014 affidavit is plainly insufficient to require recusal. It makes numerous general and conclusory statements about Judge Warren's ability to preside over the case, but provides no factual support for Debtor's allegations of bias. (Dkt. 6-9). In essence, Debtor

disagrees with Judge Warren's legal decisions, but that is no basis for recusal.[1] Accordingly, Debtor's allegations are insufficient under § 144 to require recusal and reassignment. *See Huebner v. Midland Credit Mgmt., Inc.*, No. 14 Civ. 6046(BMC), 2015 WL 1966280, at *5 (E.D.N.Y. May 1, 2015) ("Although plaintiff has filed an affidavit, it does not meet the explicit requirements set by the statute because it does not offer any meaningful allegations about this Court's bias or prejudice either in favor of, or against, any party.").

## C. Trustee's Final Report and Final Applications for Compensation

Debtor has failed to raise any specific objections to this Court relative to the substance of the Order granting Trustee's Final Report and Final Applications for Compensation.

"In bankruptcy proceedings, '[a] fee applicant bears the burden of proof on his claim for compensation' and 'must submit contemporaneous time records.'" *In re Siskin*, No. 11 Civ. 9468(NRB), 2012 WL 2367043, at *5 (S.D.N.Y. June 20, 2012) (quoting *In re Brous*, 370 B.R. 563, 569 (Bankr. S.D.N.Y. 2007)). "Bankruptcy courts enjoy wide discretion in determining reasonable fee awards, which discretion will not be disturbed

---

[1] The December 1, 2014 affidavit is not the first attempt Debtor has made to seek recusal. In a Decision and Order dated December 11, 2014, Judge Warren denied Debtor's December 10, 2014 request for recusal and noted that Debtor had made two prior recusal motions in his case. *In re Livecchi*, No. 09-20897, 2014 WL 7013463, at *2 (Bankr. W.D.N.Y. Dec. 11, 2014). Indeed, it would appear that Debtor's December 1, 2014 affidavit may have run afoul of the requirement that only one such § 144 affidavit be filed in any case, and it is not clear whether it was filed "less than ten days before the beginning of the term at which the proceeding is to be heard. . . ." 28 U.S.C. § 144. Because the Court otherwise rejects Debtor's recusal arguments, these issues need not be resolved.

by an appellate court absent a showing that it was abused." *Bernheim v. Damon & Morey, LLP*, Nos. 06-3386-BK(LEAD), 06-3389-BK(CON), 2007 WL 1858292, at * 1 (2d Cir. June 28, 2007) (quotation omitted). "An abuse of discretion arises where (1) the bankruptcy judge fails to apply the proper legal standard or follows improper procedures in determining the fee award, or (2) bases an award on findings of fact that are clearly erroneous." *Id.* (quotation omitted).

Here, the Trustee's Final Report and attached documents (Dkt. 6-2; Dkt. 6-4; Dkt. 6-5) provided the Bankruptcy Court with sufficiently detailed billing records to "identify the substance as well as the amount of work performed in connection with appellant's estate." *In re Siskin*, 2012 WL 2367043, at *5. Aside from Debtor's arguments that Judge Warren was not the proper judge to preside over the final award, Debtor does not make any specific showing or argument as to how the Bankruptcy Court abused its discretion in awarding the final payment of fees and closing the case. After reviewing the appellate record, the Court finds no reason to disturb the Bankruptcy Court's exercise of discretion in its May 7, 2015 Order. "The reason for according the bankruptcy court such broad discretion in matters concerning compensation is that the bankruptcy court is more familiar with the actual services performed and has a far better means of knowing what is just and reasonable than an appellate court can have." *Matter of Shades of Beauty, Inc.*, 95 B.R. 17, 18 (E.D.N.Y. 1988) (quotation omitted).

D.   **Trustee's Request for Sanctions**

Trustee concludes his brief in opposition to this appeal by stating that "[t]he imposition by this Court of appropriate sanctions on the Appellant would provide

welcome relief." (Dkt. 10 at 4). Federal Rule of Bankruptcy Procedure 8020 provides "[i]f the district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Trustee has not filed a separate motion for sanctions, and Debtor has not been provided an opportunity to respond to a specific request for sanctions. Accordingly, Trustee's request for sanctions is denied at this time. *See In re Siskin*, 2012 WL 2367043, at *10.

## IV. CONCLUSION

For the foregoing reasons, the Order of the United States Bankruptcy Court, entered on May 7, 2015 (Dkt. 1-3), is affirmed in all respects.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   November 20, 2015
         Rochester, New York